IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0243-WS |
| | ) |
| **CEDRIC TYRONE PRYOR,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter comes before the Court on defendant's *pro se* filing styled "Motion for Reconsideration of Order" (doc. 304).

On December 9, 2011, the undersigned entered an Order (doc. 302) denying defendant Cedric Tyrone Pryor's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  In that motion, Pryor sought to avail himself of the reduced penalties for certain crack cocaine offenses pursuant to Amendment 750 to the U.S. Sentencing Guidelines, which reductions are available retroactively.  The December 9 Order explained that Pryor was not entitled to relief under § 3582(c)(2) because, even after accounting for Amendment 750, his base offense level, total offense level and sentencing range remained unchanged.  Because the new crack amendment did not alter his guideline range calculations, Pryor was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered."  18 U.S.C. § 3582(c)(2).  Therefore, he was ineligible for relief under that section as a matter of law.  *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission.").

Now, more than four months later, Pryor comes forward with his Motion for Reconsideration.  The Motion is unfounded.  Pryor states that "[t]he issue the Defendant wishes to address with this Court is the continued misapplication of the sentencing enhancement for the firearm."  (Doc. 304, at 1.)  This Court has no jurisdiction to consider such an argument at this time.  After all, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010);

*see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35."). Section 3582(c)(2) empowers a district court to modify a term of imprisonment only in certain narrowly circumscribed situations. *See, e.g., Dillon v. United States*, --- U.S. ----, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (explaining that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission"); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) ("Any retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be consistent with applicable policy statements issued by the Sentencing Commission."). Although § 3582(c)(2) does allow modification of sentences for defendants whose guideline range has been lowered by Amendment 750, nothing in either the statute or the amendment would authorize this Court to revisit the propriety of a firearm enhancement now, more than two and a half years after Pryor's sentence became final.

Defendant's other argument is that his § 3582 motion should have been granted pursuant to the Supreme Court's ruling last year in *Pepper v. United States*, --- U.S. ----, 131 S.Ct. 1229 (2011). This contention likewise fails. The fundamental holding in *Pepper* was that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." 131 S.Ct. at 1241. Unlike the defendant in *Pepper*, however, Pryor has not had his sentence set aside on appeal. He has not been granted a resentencing proceeding. Nothing in *Pepper* would afford a defendant such as Pryor an independent right to request a resentencing hearing for the purpose of considering post-sentencing rehabilitation. And § 3582(c)(2) does not authorize district courts to undertake wholesale modification of a sentence whenever they may wish, or to make any change in the absence of a retroactively applicable Guideline amendment, which simply does not exist here.

In short, there is no evidence, no indication, and no reason to believe that any aspect of Pryor's sentencing range has subsequently been lowered, much less that applicable policy

statements issued by the Sentencing Commission would allow for retroactive application of the reduction. Rather, Pryor is attempting to gain reconsideration of the December 9 Order denying a sentence reduction based on what he perceives to be an erroneous firearm enhancement at his original sentencing proceeding, as well as his own post-sentencing rehabilitation (including Pryor's representation that he has been a "model prisoner" and has received "excellent work reviews"). None of these circumstances authorize this Court to modify Pryor's imprisonment sentence under § 3582(c)(2) or any other provision of law.

For all of these reasons, the "Motion for Reconsideration of Order" (doc. 304) is **denied**. Insofar as Pryor may wish to appeal, the Court hereby **certifies** (for the foregoing reasons as well as those set forth in the December 9 Order) that any appeal from this Order denying reconsideration would be plainly frivolous and not in good faith. Accordingly, Pryor will not be permitted to pursue an appeal *in forma pauperis*.

DONE and ORDERED this 18th day of April, 2012.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE