IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Cedric Tyrone Pryor,              :
                                  :
    Petitioner,                   :
                                  : CRIMINAL NO. 07-00243-WS-B
vs.                               : CIVIL ACTION NO. 12-00411-WS-B
                                  :
UNITED STATES OF AMERICA,         :
                                  :
    Respondent.                   :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Cedric Tyrone
Pryor's Motion to Vacate, Set Aside, or Correct Sentence under
28 U.S.C. § 2255 and Supplement (Doc. 306), the Government's
Response in Opposition (Doc. 310), Petitioner's Response to the
Court's Order to Show Cause (Doc. 313), and Petitioner's "Motion
to Merge and Amend." (Doc. 319). This action was referred to the
undersigned Magistrate Judge for report and recommendation
pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules
Governing Section 2255 Cases and is now ready for consideration.[1]
Having carefully reviewed the record, the undersigned finds that
no evidentiary hearing is necessary for disposition of this

---

[1] The Honorable United States District Judge William H. Steele presided
over the plea hearing and sentencing in this action. This matter has
been referred to the Undersigned Magistrate Judge for entry of a
Report and Recommendation. The Undersigned has reviewed
Petitioner's motion and related documents, the trial and
sentencing transcript, and all other relevant documents in the
Court's file and has fully familiarized herself with the
proceedings before Judge Steele.

matter. Upon consideration, the undersigned hereby recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be dismissed as time-barred and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Cedric Tyrone Pryor. The undersigned also recommends that should Pryor file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

## I. PROCEDURAL BACKGROUND

On July 26, 2007, Petitioner Pryor and others were indicted for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). [2] (Doc. 8). Pryor pled guilty to the conspiracy count pursuant to a written plea agreement on May 23, 2008. (Docs. 242, 244). At the sentencing hearing conducted on August 5, 2009, Pryor was sentenced to 15 years imprisonment, to be followed by a supervised release term of 10 years. (Doc. 303 at 17-19). After announcing Pryor's sentence, Judge Steele notified Pryor that he had 10 days from the date of judgment to file any notice of appeal. (Doc. 303 at 20). Judgment was entered on August 25, 2009. (Doc. 290).

Pryor did not file an appeal; however, on October 23, 2011, he filed a Motion for Modification of Sentence under 18 U.S.C. §

_____

[2] A Superseding Indictment was filed on August 31, 2007 that added details to the forfeiture count against Pryor. (Doc. 72).

3582 (c)(2) pursuant to Amendment 750. (Doc. 299). In an Order dated December 9, 2011, the Court denied Pryor's motion on the ground that the new crack amendment did not alter his guideline range; thus, he was not eligible for release. (Doc. 302). Pryor sought reconsideration, and his request was denied by Judge Steele in an order dated April 18, 2012. (Docs. 304, 305).

Pryor filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 6, 2012.[3] (Doc. 306). In his motion, Pryor raises the following grounds: (1) he was charged with drugs and quantities that he had no knowledge of and never possessed; (2) his sentence was enhanced due to a firearm that was owned and possessed by his brother; and (3) he received ineffective assistance of counsel during the plea phase of his case. Pryor requested permission to file his motion out of time based on the Supreme Court's decisions in Missouri v. Frye, 132 S. Ct. 1399, 182 L. Ed. 2d 379, 2012 U.S. LEXIS 2321 (2012) and Lafler v. Cooper, 132 S. Ct. 1376, 182 L. Ed. 2d 398, 2012 U.S. LEXIS 2322 (2012).[4] (Doc. 306 at 4, 12, 15). Pryor

_____

[3] Although the instant petition was received by the Clerk's Office on June 15, 2012, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The record reflects that Pryor signed his petition on June 6, 2012, and absent evidence to the contrary, that date is deemed the date on which he tendered his petition to prison officials for mailing.

[4] On June 11, 2013, Pryor filed a Motion for Retroactive

asserted that after his sentencing, he attempted to secure an attorney to pursue his 2255, but due to his movement within the Bureau of Prisons ("BOP"), and his lack of funds, the time passed. (Doc. 306 at 12). Additionally, in the supplement to his § 2555 petition, Pryor asserted that he is entitled to file his § 2255 motion beyond the statute of limitations because of "excusable neglect." (Id. at 14). According to Pryor, his lack of "knowledge, education, funds or experience," and the shock factor of the process made him unaware of the time limits. (Id. at 15). Finally, in Pryor's Motion to Amend and Merge, he requests that the Court "amend his now pending motion 2255 and merge Alleyne." (Doc. 319). According to Pryor, the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) requires that his § 2255 motion be granted because the prosecutor in his case enhanced his sentence by two points for an erroneous firearm charge. (Id. at 2).

In response to Pryor's Motion to Vacate, the Government filed a Motion to Dismiss and argued that Pryor's motion is due to be dismissed as a matter of law because it was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2254(f). (Doc. 310). The Government further argued that neither

---

Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582. The Court denied his motion, again noting that Pryor is ineligible for § 3582(c) relief. (Doc. 316).

the _Frye_ decision nor the _Lafler_ decision re-starts the limitations period. (_Id_.). In response to the Court's order directing him to show cause why his petition should not be dismissed as untimely, Pryor once again acknowledges that his petition is untimely, and argues that equitable tolling is appropriate in this case because: (1) he is neither a trained attorney nor an "individual of advanced education;" (2) he was being transported by the Government from facility to facility and participating in a work camp; (3) 28 U.S.C. § 2555(f) is triggered because the _Frye_ and _Lafler_ decisions were not rendered until 2012; thus, he could not have discovered this information through the exercise of due diligence; and (4) the Government will not be burdened or prejudiced by an extension because it is a position that is superior to Plaintiff's position. (Doc. 313).

## II. <u>DISCUSSION</u>

### A. **Pryor is not entitled to statutory tolling**

Pursuant to §2255, a person sentenced by a federal court can attack the sentenced imposed by claiming one of four different grounds: "1)that the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; and 4)the sentence is otherwise subject to collateral attack." <u>Hill</u>

v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)(internal quotation marks and citations omitted). The Respondent argues that Pryor's motion is due to be denied because the petition is time-barred.

A § 2255 motion to vacate a federal sentence is subject to a one-year statute of limitations. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, the limitations period begins running from the latest specified dates, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the trigger is the date upon which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). As

noted *supra*, Pryor was sentenced on August 5, 2009, and the judgment was entered on August 25, 2009. He had ten days from the date that the judgment was entered to file an appeal. Fed.R.App.p.4(b)(1)(A)[5]; See <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (11th Cir. 2000). Given that the judgment was entered on August 25, 2009, his conviction became final on September 9, 2009 (excluding Labor Day and weekends). The one-year limitation for filing a § 2255 petition expired one year later, on September 9, 2010. Therefore, the last day that Pryor could have timely filed his § 2255 petition was September 9, 2010. Pryor, however, did not file his § 2255 motion until June 6, 2012, which was nearly two years *after* his time for filing had expired. (Doc. 306). Because Pryor clearly did not file within the time period provided in § 2255(f)(1), he is not entitled to statutory tolling.

## B. **Pryor Cannot Rely On Lafler and Frye to Resurrect the Limitation Period.**

The AEDPA provides three ways in which the one-year limitation period may be extended. 28 U.S.C. § 2255(f)(2), (3), and (4). Pryor appears to argue that each one of the savings clauses applies to his § 2255 habeas petition. This Court is not

---

[5] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 and extended the time period for filing a notice of appeal from ten to fourteen days. *See Fed. R. App. P. 4,* Advisory Committee Notes. The amendment became effective on December 1, 2009, and therefore is not applicable in this case.

persuaded by any of his arguments. Section 2255(f)(3) provides that the one-year statute of limitation period shall, in the alternative, run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Pryor argues that his untimely petition should be accepted because the Supreme Court's decisions in Frye and Lafler "delinated [sic] the importance of effective assistance of counsel, especially during the plea phase of criminal litigation." (Doc. 306 at 15). However, neither Frye nor Lafler is applicable to Pryor's petition.

In Frye, the Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers and that defense counsel has a duty to communicate formal plea offers that might be favorable to the defendant. Frye, 132 S. Ct. 1399. In Lafler, the Court held that to show prejudice arising from the deficient advice of counsel with respect to a plea agreement, a defendant must demonstrate that but for the ineffective assistance of counsel, there is a reasonable possibility that 1) he would have accepted the plea agreement; 2) the prosecution would not have withdrawn it; 3) the trial court would have approved it, and 4) the conviction, sentence or both under the offer's terms, would have

been less severe than that which was imposed. <u>Lafler</u>, 132 S. Ct at 1386. Here, Pryor does not argue that his attorney failed to communicate a formal plea offer to him, or that he was prejudiced as a result of rejecting a plea offer after receiving erroneous advice from his counsel. Instead, he merely argues that he was unaware of the information within his plea agreement despite the fact that he signed the written agreement fully attesting that he read and carefully reviewed each part, understood each part, and that it was "true and accurate in every respect." (Doc. 242 at 11).

Furthermore, even if these decisions were applicable, the Eleventh Circuit has held that neither <u>Lafler</u> nor <u>Frye</u> announced a newly recognized right that would be applied retroactively to cases on collateral review. <u>See</u> <u>In re Perez</u>, 682 F.3d 930 (11th Cir. 2012) (holding that <u>Frye</u> and <u>Lafler</u> have not created new rules of constitutional law, but instead merely applied the Sixth Amendment right to counsel to the plea bargain context). Thus, these decisions do not save Pryor's untimely habeas petition.

### B. Pryor Has Not Demonstrated That Equitable Tolling is Warranted.

§2255(f)(4) provides that the one-year limitation period shall, in the alternative, run from "the date on which the facts supporting the claim or claims presented could have been

9

discovered through the exercise of due diligence." Closely related to this exception to the standard time for filing is the doctrine of equitable tolling. In "rare and exceptional circumstances," the time for filing may be extended under the doctrine of equitable tolling. Hunter v. Ferrell, 587 f.3d 1304, 1308 (11th Cir. 2009). Equitable tolling is only appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), cert denied, 531 U.S. 971 (2000)(emphasis added).

It is well established that "[t]he petitioner bears the burden of showing that equitable tolling is warranted." Hunter, 587 F.3d at 1308. As noted *supra*, Pryor argues that (1) he has diligently pursued his rights but he is not "a trained attorney, nor even an individual of advanced education" and that he did not have the funds to afford an attorney, (2) being "taken into federal custody and being transported from facility to facility" prevented him from filing a timely petition; and (3) the Government is in "the exact position as if the judgment were 6 months old or 34 months old." (Docs. 306 at 12-15, 313 at 3). Pryor's assertions do not warrant equitable tolling. The law is clear that there is no constitutional right to counsel on collateral review. Pennsylvania v. Finley, 481 U.S. 551, 555,

107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987)("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."). Moreover, the fact that Pryor is not versed in the law does not does not constitute "extraordinary circumstances". See Hunt v. Georgia Dep't of Cmty. Affairs, 490 Fed. App'x 196, 198 (11th Cir. 2012) ("[W]e have previously rejected the contention that pro se status [or] ignorance of the judicial process . . . warrant application of equitable tolling."); Christides v. Comm'r of Soc. Sec., 478 Fed. App'x 581, 584 (11th Cir. 2012) stating that neither pro se status nor ignorance of the law constitute extraordinary circumstances for equitable tolling). Thus, Pryor's assertions regarding his pro se status are not sufficient.

Likewise, Pryor's assertion that he was being transported from facility to facility and was in work release does not establish "extraordinary circumstances." Aside from this conclusory assertion, Pryor has made absolutely no showing that any government authorities prevented him in any way from filing his § 2255 motion or that his placement at interim facilities somehow prevented him from filing his petition. Further, he has offered no facts that suggest that he exercised any diligence in filing the petition. Simply put, Pryor has not met his burden of showing that the delay in filing his § 2255 petition was

beyond his control and unavoidable. See <u>Dodd v. United States</u>, 365 F.3d 1273, 1283 (11th Cir. 2004)(holding that transfer from one prison to another is not an extraordinary circumstance that would normally invoke the doctrine of equitable tolling particularly when the petitioner has not shown any action on his part that would demonstrate the diligence required); <u>accord</u> <u>Couch v. Talladega Circuit Courts</u>, 2013 U.S. Dist. LEXIS 93997, (N.D. Ala. March 5, 2013). Thus, Pryor's conclusory assertion regarding his movement between facilities does not establish "extraordinary circumstances." Finally, Pryor's assertion that the Government has not been prejudiced by his tardy filing has no bearing on the issue of whether extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented him from timely filing his petition. Pryor cannot meet this heavy burden by merely arguing that the Government has not been harmed.

Because Respondent has asserted the defense of statute of limitations and Pryor has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of the AEDPA's limitations period, the undersigned finds that Pryor's federal habeas petition should be dismissed as time-barred.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255

Proceedings, the undersigned recommends that no certificate of appealability should be issued in this case. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

No Certificate of Appealability is warranted in this case. For the reasons discussed above, Pryor's claim was not timely filed. Under the circumstances, a reasonable jurist could not conclude that this Court is in error in invoking this procedural bar with respect to his claims. See Slack, 529 U.S. at 484

("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). It is thus recommended that the Court deny any request for a Certificate of Appealability.

## IV.  CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 306) be dismissed as time-barred and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Cedric Tyrone Pryor. Given that Pryor's § 2255 petition should be dismissed as time-barred, it follows that his "Motion to Merge and Amend" (Doc. 319) should be denied to the extent he is seeking to raise new issues. The Undersigned Magistrate Judge further finds that Pryor is not entitled to the issuance of a Certificate of Appealability. It is so recommended.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

　　　**DONE** this **29th** day of **October, 2014.**

　　　　　**/s/ SONJA F. BIVINS**
　　　　　**UNITED STATES MAGISTRATE JUDGE**
